UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILBERT JACKSON,

          Plaintiff,

       v.

LOUIS MASTRANGELO, S. DRAYTON,
and LT. DIPRIMO,

          Defendants.
_____

**DECISION AND ORDER**

6:17-CV-06448 EAW



## INTRODUCTION

Plaintiff Wilbert Jackson ("Plaintiff"), proceeding *pro se*, brings the instant action pursuant to 42 U.S.C. § 1983, alleging that defendants Louis Mastrangelo ("Mastrangelo"), S. Drayton ("Drayton"), and Lieutenant Diprimo ("Diprimo") (collectively, "Defendants") violated his Fourth and Fourteenth Amendment rights. (Dkt. 1). Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 8). For the reasons that follow, Defendants' motion is denied.

## BACKGROUND

The following facts are taken from the allegations in Plaintiff's Complaint. (Dkt. 1). As is required on a motion to dismiss, Plaintiff's allegations are treated as true.

On January 3, 2016, Mastrangelo conducted a pat frisk on Plaintiff "outside in the street in broad day light." (Dkt. 1 at 5). Mastrangelo moved the front waistband of Plaintiff's pants and boxer shorts such that Plaintiff's groin area was exposed, and then "forcibly reached down in [Plaintiff's] pants and retrieved a sandwich bag[.]" (*Id.*).

Plaintiff claims that in the course of retrieving the sandwich bag, Mastrangelo "yank[ed]" Plaintiff's penis and stated, "I got you by the balls now, Jackson, how do you like it?" (*Id.*). Drayton and Diprimo were present during the pat frisk and "never intervened or made an attempt to stop" Mastrangelo. (*Id.* at 6).

Plaintiff filed the instant lawsuit on July 7, 2017. (Dkt. 1). On May 14, 2018, the Court issued an Order granting Plaintiff permission to proceed *in forma pauperis* and allowing his excessive use of force and failure to intervene claims against Defendants to proceed to service. (Dkt. 5). The Court also dismissed the City of Rochester as a defendant. (*Id.* at 5).[1]

On August 2, 2018, Defendants filed the instant motion to dismiss the Complaint. (Dkt. 8). After being granted an extension of time within which to respond to Defendants' motion, Plaintiff filed his response on December 10, 2018. (Dkt. 20).

## DISCUSSION

### I. Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the

---

[1] Defendants argue in the motion to dismiss that Plaintiff's claim against the City of Rochester should be dismissed. (Dkt. 8-4 at 4). Because the Court has already dismissed the claim against the City of Rochester (*see* Dkt. 5 at 5), that portion of Defendants' motion is denied as moot. Defendants also argue that Plaintiff cannot maintain a claim for false arrest. (Dkt. 8-4 at 1-2). However, the Court did not allow a false arrest claim to proceed in the Screening Order. (Dkt. 5). Accordingly, the Court does not address Defendants' false arrest arguments in this Decision and Order.

complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2279 (2017). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

When a plaintiff proceeds *pro se,* the Court is "obliged to construe his pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

## II. Fourth Amendment Excessive Use of Force Claim

Defendants argue Plaintiff's Fourth Amendment excessive use of force claim should be dismissed because Plaintiff's arrest was supported by probable cause, Mastrangelo had reasonable suspicion to perform the search, and Plaintiff has not described any cognizable injury. (Dkt. 8-4 at 1-3). The Court denies Defendants motion as to this claim for the following reasons.

"The Fourth Amendment, which protects against unreasonable seizures, governs a claim that excessive force was used in connection with an arrest." *Mickle v. Morin*, 297 F.3d 114, 120 (2d Cir. 2002). "Sexual misconduct by a police officer during a 'seizure' is analyzed under the Fourth Amendment." *West v. Harkness*, No. 9:17-CV-621 (GTS/DJS), 2018 WL 3748344, at *6 (N.D.N.Y. May 29, 2018) (quoting *Wright v. City of Waterbury*, 2011 WL 1106217, at *6 (D. Conn. Mar. 23, 2011)), *report and recommendation adopted*, 2018 WL 3747811 (N.D.N.Y. Aug. 7, 2018); *see Spencer v. Sullivan County*, No. 18-CV-365 (KMK), 2019 WL 4514011, at *6 (S.D.N.Y. Sept. 19, 2019) (same); *see also Poe v. Leonard*, 282 F.3d 123, 136 (2d Cir. 2002) ("The Fourth Amendment is not the proper source of [the plaintiff]'s constitutional right because [the defendant]'s objectionable conduct occurred outside of a criminal investigation or other form of governmental investigation or activity."); *Fontana v. Haskin*, 262 F.3d 871, 882 (9th Cir. 2001) ("Sexual misconduct by a police officer toward another generally is analyzed under the Fourteenth Amendment; sexual harassment by a police officer of a criminal suspect during a continuing seizure is analyzed under the Fourth Amendment.").

"[T]he reasonableness question is whether the officers' actions were 'objectively reasonable' in light of the facts and circumstances . . . without regard to their underlying intent or motivation." *Mickle*, 297 F.3d at 120. "A plaintiff need not demonstrate serious injury to prevail in an excessive force claim [under the Fourth Amendment] . . . nonpermanent injuries are sufficient." *Sforza v. City of New York*, No. 07 Civ. 6122(DLC), 2009 WL 857496, at *15 (S.D.N.Y. Mar. 31, 2009); *see Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004) ("[W]e have permitted a plaintiff's claim to survive summary judgment on allegations that, during the course of an arrest, a police officer twisted her arm, 'yanked' her, and threw her up against a car, causing only bruising.").

Construing the Complaint liberally, Plaintiff has validly stated a Fourth Amendment claim. He alleges his Fourth Amendment rights were violated when Mastrangelo "forcibly reach[ed] down" Plaintiff's pants, "yank[ed] his penis," and stated "I got you by the balls now Jackson, how do you like it?" It is more than speculative that the conduct alleged, *i.e.*, an officer grabbing and pulling Plaintiff's genitals for no apparent purpose other than taunting Plaintiff, was unreasonable. *See Spencer*, 2019 WL 4514011, at * 7 (holding defendant not entitled to dismissal of Fourth Amendment claim for sexual misconduct by a law enforcement officer); *West*, 2018 WL 3748344, at *4 (recommending motion for judgment on the pleadings be denied as to Plaintiff's claims that officer's post-arrest search rose to level of sexual assault); *see also Anderson v. Waterbury Police Dep't*, No. 14-cv-829 (VAB), 2017 WL 1157843, at * (D. Conn. Mar. 28, 2017) (denying summary judgment as to whether post-arrest search characterized as an assault by Plaintiff "was unreasonable conduct in violation of the Fourth Amendment").

Defendants argue that Plaintiff has not described a cognizable injury; however, for Fourth Amendment excessive force claims, "[i]t is the force used, not the injuries caused, which must be determined to be de minimis as a matter of law." *Campbell v. City of New York*, No. 06-CV-5743, 2010 WL 2720589, at *8 (S.D.N.Y. June 30, 2010); *see Yang Feng Zhao v. City of New York*, 656 F. Supp. 2d 375, 391 (S.D.N.Y. 2009) (holding that during interrogation at police precinct, where there is "no reason for any use of force," then "any force is potentially illegitimate"); *see also Pulliam v. Lilly*, No. 07-CV-1243 (SJF)(AKT), 2010 WL 935383, at *5 (E.D.N.Y. Mar. 11, 2010) ("[T]he record is devoid of any evidence reflecting a reason for the use of any force during the interrogation, i.e., that plaintiff was acting aggressively or otherwise posed a threat to the officers during the interrogation. Accordingly, the use of more than *de minimis* force, if even that, under the circumstances presented here, would not be objectively reasonable."). In the instant matter, the facts as Plaintiff alleged them indicate no justifiable reason for Mastrangelo to have yanked Plaintiff's genitals.[2] Therefore, Plaintiff has properly alleged that unreasonable force was used against him.

Defendants further argue that Mastrangelo had reasonable suspicion to search Plaintiff and that there was probable cause for Plaintiff's arrest. The Court is not persuaded by Defendants' contentions. Defendants' arguments rely on statements and documents that were neither attached to Plaintiff's Complaint nor incorporated into the Complaint by

---

[2] To the extent Defendants argue that Mastrangelo did not yank Plaintiff's genitals, that argument is not appropriate for a Rule 12(b)(6) motion where the Court must accept Plaintiff's allegations as true.

reference, and the Court cannot consider them at this stage of the litigation. *See DiFolco*, 622 F.3d at 111. Even if the Court could consider whether Mastrangelo had reasonable suspicion or probable cause to search Plaintiff, an authorized search would not justify the alleged manner in which Mastrangelo searched Plaintiff. *See Spencer*, 2019 WL 4514011, at *7 ("Without the benefit of a developed record, the Court cannot say as a matter of law that the force with which [the defendant] searched Plaintiff was objectively reasonable, even if [the defendant] had authority to search Plaintiff." (collecting cases)). Accordingly, the Court denies Defendants' motion as to Plaintiff's Fourth Amendment claim.

### III. <u>Failure to Intervene Claim</u>

Defendants contend Plaintiff's allegations regarding the failure to intervene by Drayton and Diprimo should be dismissed because Mastrangelo's actions amount to only a *de minimis* bodily intrusion that cannot constitute a violation of Plaintiff's rights. (Dkt. 8-4 at 3). The Court is not persuaded by Defendants' argument.

As a preliminary matter, the Court construes Plaintiff's Complaint liberally and treats Plaintiff's failure to intervene claim as arising under the Fourth Amendment. *See Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("[T]he district court correctly reclassified plaintiff's [failure to intervene in his arrest] claim as one brought under the Fourth Amendment, which prohibits unreasonable seizures of persons, as opposed to the Fourteenth Amendment, which guarantees substantive due process.").

Regarding claims for failure to intervene, the Second Circuit has held:

> [A]ll law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence. An officer who fails to intercede is

liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official.

*Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (citations omitted). "A police officer therefore can be held liable for his failure to intervene if he or she observes the use of excessive force and has sufficient time to act but takes no steps to prevent it." *Merrill v. Schell*, 279 F. Supp. 3d 438, 445 (W.D.N.Y. 2017).

Plaintiff has adequately stated a failure to intervene claim. He alleges Drayton and Diprimo "stood and watched" while Mastrangelo searched Plaintiff's pants and "yank[ed] [his] penis while making sexual comments." (Dkt. 1 at 6). Additionally, as discussed above, the Court finds Plaintiff plausibly alleged an excessive use of force claim against Mastrangelo. *See Marom v. Blanco*, No. 15-cv-2017 (PKC), 2019 WL 3338141, at *12 (S.D.N.Y. July 25, 2019) ("[A] failure to intervene claim is contingent upon the disposition of the primary claims underlying the failure to intervene claim." (alteration in original) (quoting *Matthews v. City of New York*, 889 F. Supp. 2d 418, 443-44 (E.D.N.Y. 2012)). Accordingly, the Court denies Defendants' motion to dismiss as to this claim.

### IV. Qualified Immunity

Defendants argue that they are entitled to qualified immunity because it was objectively reasonable for them to believe their behavior did not violate Plaintiff's clearly established rights. (Dkt. 8-4 at 4). The Court finds Defendants are not entitled to qualified immunity at this stage of the litigation.

"Qualified immunity protects public officials from civil liability only if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Coggins v. Buonora*, 776 F.3d 108, 114 (2d Cir. 2015). "[Q]ualified immunity is often best decided on a motion for summary judgment when the details of the alleged deprivations are more fully developed." *Walker v. Shult*, 717 F.3d 119, 130 (2d Cir. 2013).

In the instant matter, further facts are required to decide the question of qualified immunity. "[I]n the context of excessive force, the Fourth Amendment reasonableness inquiry tends to converge with the qualified immunity reasonableness inquiry." *Spencer*, 2019 WL 4514011, at *7 n.8 (quoting *Wang v. Wahldieck*, No. 09-CV-3783 (ARR)(VVP), 2012 WL 119591, at *11 (E.D.N.Y. Jan. 9, 2012) (citing *Cowan v. Breen*, 352 F.3d 756, 764 & n.7 (2d Cir. 2003))). Because the Court finds Plaintiff has adequately alleged Fourth Amendment claims against Defendants, Defendants' motion to dismiss on the basis of qualified immunity is denied. *See id.* (denying defendant's motion to dismiss on the basis of qualified immunity); *see also Wang*, 2012 WL 119591, at *11 ("Having determined that plaintiff's claim for excessive force present triable issues of fact, the court likewise concludes that defendants are not entitled to summary judgment on the basis of qualified immunity.").

## CONCLUSION

For the forgoing reasons, Defendants' motion to dismiss (Dkt. 8) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: September 26, 2019
　　　　Rochester, New York