UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILBERT JACKSON,

        Plaintiff,

        v.

LOUIS MASTRANGELO,

        Defendant.
_____

**DECISION AND ORDER**

6:17-CV-06448 EAW

# INTRODUCTION

Plaintiff Wilbert Jackson ("Plaintiff"), proceeding *pro se*, brings the instant action pursuant to 42 U.S.C. § 1983 based on events purportedly occurring during a search of his person conducted by defendant Rochester Police Officer Louis Mastrangelo ("Defendant") on January 3, 2016.  With just two weeks to go before the commencement of the scheduled jury trial—a trial that was supposed to go forward over a year ago but that was adjourned at Plaintiff's request to give him more time to prepare and retain counsel—Plaintiff has filed an eleventh-hour motion for appointment of counsel.  (Dkt. 75).  For the foregoing reasons, the motion is denied.

# BACKGROUND

This case involves events occurring on January 3, 2016, when Plaintiff was searched by Defendant incident to a traffic stop.  According to Plaintiff's allegations, Defendant, while removing drugs hidden in Plaintiff's groin area, yanked Plaintiff's penis and stated, "I got you by the balls now, Jackson, how do you like it?"  (Dkt. 1 at 5).

- 1 -

The jury trial was originally scheduled to commence on August 15, 2022 (Dkt. 57; Dkt. 58), but at Plaintiff's request the trial was adjourned because Plaintiff contended he needed more time to prepare and he was in the process of obtaining legal counsel (Dkt. 66). A telephone status conference was held on March 29, 2023, at which time the matter was rescheduled for trial commencing on October 16, 2023. (Dkt. 71; Dkt. 72). Consistent with the Court's Amended Pretrial Order, pretrial filings were required to be served by September 5, 2023 (Dkt. 72 at 2), but Plaintiff failed to file any pretrial filings.

In accordance with the schedule set by the Amended Pretrial Order, a pretrial conference was held on October 2, 2023, at which time Plaintiff claimed he had filed a motion for appointment of counsel. The Court indicated that it had no record of any such motion, and in any event, due to the lateness of Plaintiff's request in view of the approaching adjourned trial date, any such motion would have been denied even if it had been filed.

The same day as the pretrial conference, the Clerk's Office received by mail a written motion for appointment of counsel filed by Plaintiff and that motion was posted on CM/ECF after the pretrial conference. (Dkt. 75). The postmark date on the envelope is not clear (Dkt. 75-1), but the motion itself was signed by Plaintiff on September 22, 2023 (Dkt. 75 at 3). Defendant has filed an opposition to the pending motion. (Dkt. 77).

The pending motion is not Plaintiff's first request for appointment of counsel. After a motion to dismiss was filed (*see* Dkt. 8), Plaintiff filed a motion for appointment of counsel on August 30, 2018 (Dkt. 12). The undersigned denied that motion on September 5, 2018, explaining the standard for appointment of counsel in a civil case and denying the

- 2 -

motion without prejudice. (Dkt. 14). After several extensions of time, Plaintiff filed papers in opposition to the motion to dismiss (Dkt. 20), and the Court ultimately denied the motion (Dkt. 26).

Over two years after the initial request for counsel, Plaintiff filed another motion for appointment of counsel (Dkt. 37) and then another such motion (Dkt. 42). The magistrate judge assigned to the case to handle pretrial, non-dispositive motions, denied the motions by Decision and Order entered March 29, 2021. (Dkt. 43). In that Decision and Order, the standard for appointment of counsel was again set forth for Plaintiff. (*Id.*).

Plaintiff has litigated this case for over six years on his own, including successfully defending in part a motion for summary judgment. (*See* Dkt. 52 (Decision and Order denying motion for summary judgment in part and granting it in part)). Moreover, even though Plaintiff has filed three prior motions for appointment of counsel (*see* Dkt. 12; Dkt. 37; Dkt. 42) and had the standard plainly explained (*see* Dkt. 14; Dkt. 43), the last such motion that he filed was in February 2021. In other words, Plaintiff failed to file any motion for appointment of counsel once the case became ready for trial—until he filed the pending motion just weeks before the adjourned trial date.

## **DISCUSSION**

"Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel." *Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). Nonetheless, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants when the circumstances so warrant. *Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23-24 (2d Cir. 1988). The assignment

of *pro bono* counsel in civil cases falls soundly within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).

In exercising this discretion, a court must keep in mind that there are "many reasons" for why it "should not grant such applications indiscriminately.  Volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).  Indeed, "[t]here are far more *pro se* cases in this district than there are attorneys to represent the litigants." *Fields v. McNaughton*, No. 15-CV-6298-FPG-JWF, 2018 WL 4608201, at *1 (W.D.N.Y. Sept. 25, 2018).  "The Court must consider carefully the issue of appointment of counsel because 'every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause.'" *Boyd v. Petralis*, No. 16-CV-6286W, 2017 WL 4533649, at *1 (W.D.N.Y. Oct. 10, 2017) (quoting *Cooper*, 877 F.2d at 172).

Accordingly, "[i]n evaluating a *pro se* litigant's request for appointment of counsel the Second Circuit require[s] the court to consider first whether the indigent's position appears likely to be one of substance. . . ." *Davidson v. Goord*, 259 F. Supp. 2d 236, 237 (W.D.N.Y. 2002) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)); *see also Cooper*, 877 F.2d at 174 (noting the "threshold showing of some likelihood of merit").

> Only after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute.

*Carmona*, 243 F.3d at 632 (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) (If the claim is one of substance, "the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.")).

Before addressing Plaintiff's application in view of the *Hodge* factors, the Court must first address two preliminary matters. First, "[t]he Second Circuit . . . has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel." *Ramirez v. Allen*, No. 3:17-CV-1335 (MPS), 2018 WL 5281738, at *3 (D. Conn. Oct. 24, 2018) (citing *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) and *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989)). Here, Plaintiff has not even attempted to address efforts that he undertook to find counsel on his own. (*See* Dk. 75). The previously-scheduled trial date was adjourned, in part, because Plaintiff expressly represented that he was "currently in the process of obtaining legal counsel." (Dkt. 62 at 1). Yet, none of Plaintiff's motions for appointment of counsel (*see* Dkt. 12; Dkt. 37; Dkt. 42; Dkt. 75), have articulated any efforts he has made to find counsel who will represent him. On this basis alone, the motion should be denied. *See Hodge*, 802 F.2d at 61 ("In our view, the language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered.").

Second, to label Plaintiff's motion as untimely would be an understatement. Plaintiff has had ample time since the case became trial ready to file a motion for

appointment of counsel. But he waited until just weeks before the scheduled trial date to file a motion. Not only is the motion cursory in nature, as addressed further below, but Plaintiff offers no justification for why he waited until the eleventh hour to seek this relief. Plaintiff's untimeliness is even more egregious taking into account that the trial was already adjourned once to afford Plaintiff more time to prepare and retain counsel. Of course, appointing *pro bono* counsel at this late stage would delay this case that has already been pending for over six years. And on that ground alone, the motion should be denied. *See In re Martin-Trigona*, 737 F.2d at 1260-61 (where *pro se* party "failed to move for the appointment of counsel until near or on the very morning of the final hearing," district court acted within its discretion in denying motion for appointment of counsel).

      Turning to the *Hodge* factors, the threshold consideration is whether Plaintiff's case appears to be one of substance. Although Plaintiff successfully defended against Defendant's summary judgment motion, the primary reason for that is there is a dispute of facts as to how Defendant conducted the search at issue. Plaintiff has no witnesses or other evidence to support his version of events. Indeed, he has filed no witness or exhibit lists. He similarly appears unable to articulate any quantifiable damages that stem from the alleged incident—again, filing no pretrial filings setting forth his damages and not articulating any such damages in response to the Court's questions at the pretrial conference. But his sworn allegations as to how the search occurred (which Defendant denies) were enough to require a jury trial. That does not translate, though, to a conclusion that the case is one of substance. Indeed, "[i]f mere bald assertions by an indigent, which technically put a fact in issue and suffice to avert summary judgment, required appointment

of an attorney under § 1915(d), the demand for such representation could be overwhelming." *Hodge*, 802 F.2d at 60.  The reality is that unless requested by the Court to do so as *pro bono* counsel, private counsel would be unwilling to take on Plaintiff's case because of its unlikely chances of success.  "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention." *Cooper*, 877 F.2d at 174.

Even if the Court concluded that Plaintiff's case was one of substance, the balance of the factors weigh in favor of denying appointment of counsel.  Plaintiff's case does not appear to be complex from either a factual or legal perspective.  Plaintiff's case is against one defendant and relates to the events of January 3, 2016, when Plaintiff was searched by Defendant incident to a traffic stop.  At most, there will be four witnesses at trial—Plaintiff, Defendant, and two other law enforcement witnesses—and the trial is expected to last just a matter of days.  Of course, an attorney would likely be able to conduct the examinations of witnesses more proficiently than Plaintiff, but that will almost always be the case with a *pro se* party.  Under the circumstances, it is not enough to favor appointment of counsel.  *See Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 236 (E.D.N.Y. 2013) ("[C]ases where courts have found that this criteria weighed toward the appointment of counsel have involved legal issues that were complex or novel.").

Further, Plaintiff has demonstrated the ability to understand and handle the litigation.  Plaintiff has been litigating this case since July 2017. (Dkt. 1).  He successfully defended a motion to dismiss (*see* Dkt. 26) and a subsequent motion for summary judgment, at least with respect to Defendant (*see* Dkt. 52).  In his filing in support of his

motion to appoint counsel, Plaintiff accurately recites the law with respect to his claim, and cites to case law, from which the Court concludes that he understands his claim. (*See* Dkt. 75). Given Plaintiff's history of prosecuting his claims up to this point, the Court finds that he has adequately demonstrated the ability to understand and handle the litigation. *See Fowler v. Fischer*, 13-CV-6546-FPG-JWF, 2017 WL 1194377, at *3 (W.D.N.Y. Mar. 30, 2017) (denying appointment of counsel where the "plaintiff appear[ed] sufficiently knowledgeable and equipped to understand and handle the litigation"); *Castro v. Manhattan E. Suite Hotel*, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [the plaintiff] lacks the ability to present his case").

Plaintiff does not present any other reason why appointment of counsel would lead to a more just resolution of the dispute. Indeed, even though the standard for appointment of counsel has been explained to Plaintiff on several occasions, his pending motion is largely boilerplate—representing his ability to articulate the law but apparent unwillingness to meet the standard for assignment of counsel. For those reasons, Plaintiff's motion for appointment of counsel is denied.

## **CONCLUSION**

For the forgoing reasons, Plaintiff's motion for appointment of counsel (Dkt. 75) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  October 10, 2023
         Rochester, New York