UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILBERT JACKSON,

Plaintiff,

v.

LOUIS MASTRANGELO,

Defendant.

**DECISION AND ORDER**

6:17-CV-06448 EAW

Plaintiff Wilbert Jackson ("Plaintiff") commenced this action on July 7, 2017. (Dkt. 1). On November 21, 2025, this Court dismissed Plaintiff's complaint with prejudice for failure to comply with Court directives and to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Dkt. 122). Presently before the Court is Plaintiff's motion to reopen the case (Dkt. 128), which Defendant opposes (Dkt. 129).

For the reasons set forth below, the motion to reopen is granted.

## PROCEDURAL HISTORY

Plaintiff commenced the current action on July 7, 2017. (Dkt. 1). On May 14, 2018, the Court granted Plaintiff's motion to proceed *in forma pauperis* and screened Plaintiff's complaint. (Dkt. 5). On August 2, 2018, Defendants filed a motion to dismiss (Dkt. 8), which the Court denied (Dkt. 26). Defendants answered the complaint (Dkt. 30), and scheduling orders were issued (Dkt. 33; Dkt. 41).

Defendants filed a motion for summary judgment on June 15, 2021. (Dkt. 45). On January 31, 2022, the Court granted in part and denied in part the motion for summary judgment. (Dkt. 52).

On April 8, 2022, the Court issued a Pretrial Order setting a trial date of August 15, 2022. (Dkt. 58). At Plaintiff's request, the Court adjourned the trial date. (Dkt. 66). An amended pretrial order was issued on March 31, 2023, setting a new trial date of October 16, 2023. (Dkt. 72). A pretrial conference was held on October 2, 2023. (Dkt. 76).

At the pretrial conference, the Court addressed Defendant's pretrial submissions, which contained information that contradicted facts within earlier filings relied upon by the Court in its summary judgment decision, and raised whether the Court's summary judgment determination on the viability of Plaintiff's search claim remained accurate. (Dkt. 78). The Court directed the parties to file supplemental briefing on that issue on or before October 12, 2023. (*Id.*). On October 13, 2023, Plaintiff filed a motion to continue the October 16 trial. (Dkt. 82). The Court adjourned the trial date and issued a Text Order directing the parties to appear for an in-person status conference on October 16, 2023. (Dkt. 84).

Plaintiff did not appear at the October 16, 2023, conference and the Court issued an Order to Show Cause directing Plaintiff to show cause in writing within 30 days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute. (Dkt. 86). Plaintiff was advised that failure to timely respond would result in the dismissal of his case with prejudice. (*Id.*). Plaintiff failed to respond by the deadline and the case was closed and judgment entered for Defendant. (Dkt. 87).

On November 30, 2023, Plaintiff filed a motion to reopen the case. (Dkt. 88). The Court granted the motion to reopen but warned Plaintiff that "failure to abide with future Court directives may result in dismissal of his claims with prejudice." (Dkt. 94). By the same Text Order, the Court permitted Defendant to renew his summary judgment motion. (*Id.*).

On September 16, 2024, Defendant filed his renewed motion for summary judgment. (Dkt. 102). On September 23, 2024, Plaintiff filed his motion for summary judgment. (Dkt. 103). Defendant's motion was granted in part and denied in part and Plaintiff's motion was denied on September 15, 2025. (Dkt. 115). The Court scheduled an in-person status conference for October 14, 2025. (Dkt. 116). Defendant moved for an adjournment, which was granted, and the in-person status conference was rescheduled for October 17, 2025. (Dkt. 118).

Plaintiff failed to appear at the October 17 conference as required (Dkt. 120) and the Court issued a second Order to Show Cause directing Plaintiff to show cause within 30 days of entry of the Order why the case should not be dismissed for failure to comply with Court directives or to prosecute. (Dkt. 121). Plaintiff failed to respond by the deadline and on November 21, 2025, the Court entered a Text Order directing the Clerk of Court to enter judgment and close the case. (Dkt. 122). A letter from Plaintiff was received by the Court on November 20, 2025, but docketed after judgment had already been entered. (Dkt. 124). The letter indicated that Plaintiff's newborn son had recently passed away after being born prematurely. (*Id.*).

The Court scheduled a status conference with the parties on December 18, 2025. (Dkt. 125). At the conference, the Court advised Plaintiff that if he intends to pursue this case, he must file a formal motion to reopen on or before January 16, 2026, that sets forth in detail why he failed to comply with past Court orders and contains assurances that he is going to prosecute the case, comply with future Court orders, and show up at all Court appearances. (Dkt. 126). The Court set oral argument on the motion to reopen for February 18, 2026. (*Id.*).

Plaintiff timely filed his motion to reopen on January 20, 2026 (Dkt. 128)[1] and Defendant filed his opposition on February 9, 2026 (Dkt. 129). Plaintiff failed to appear for the oral argument (Dkt. 131), but on February 27, 2026, sent a letter indicating that his failure to appear was due to a work conflict he believed he had communicated to the Court (Dkt. 132).[2]

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

1 The submission was dated January 12, 2026, but received by the Court and docketed on January 20, 2026.

2 A review of the notes from the appearance on December 18, 2025, reveals that Plaintiff never communicated a conflict with the February 18, 2026 oral argument date.

> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The Court presumes Plaintiff's motion rests on Rule 60(b)(6). *Beaman v. United States*, No. 20-CV-309 (VSB), 2026 WL 1622770, at *3 (S.D.N.Y. June 5, 2026) ("Rule 60(b)(6) is a catchall provision that should be applied only when the movant demonstrates extraordinary circumstances.").

An assessment of whether to grant a Rule 60(b) motion is "committed to the sound discretion of the district court." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citation modified); *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) ("Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary." (citation modified)). "Generally, courts require that the evidence in support of the motion to vacate a final judgment be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (citation modified). "[A] movant bears the burden in Rule 60(b) motions." *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (citation modified). "*Pro se* litigants are not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." *Skinner v. Chapman*, 680 F. Supp. 2d 470, 479 (W.D.N.Y. 2010) (citation omitted), *aff'd*, 412 F. App'x 387 (2d Cir. 2011).

While a close call, particularly given the procedural history and Plaintiff's repeated lack of compliance with the Court's orders, Plaintiff's request to reopen is granted. Plaintiff apologizes in the pending motion for missing the October 17 court date and explains the challenging circumstances he was facing that caused him to be distracted. He acknowledges receipt of the Court orders but indicates that he neglected all of his mail during that time period due to his mental state. He promised, "[i]f you find it in your grace to allow me to move forward with this case I will show up and do my part." (Dkt. 128 at 2). Plaintiff reports that he is now regularly attending church and provided positive character letters from two church pastors, a program supervisor from Endeavor Health Services, and a job supervisor from the Center for Employment Opportunities. (Dkt. 128 at 3-6). Moreover, Plaintiff did respond to the Court's second Order to Show Cause prior to the entry of judgment in this case, but the letter was not docketed before entry of judgment so the response was unknown to the Court at the time the case was closed. In other words, had the letter been docketed immediately upon receipt, the case likely would not have been dismissed.

Defendant argues that reopening the case will cause unfair hardship to Defendant, who has prepared for this trial on three separate occasions. This does not alone justify the imposition of the harsh sanction of denying Plaintiff's motion to reopen, particularly where it was Defendant's inclusion of conflicting information in his pretrial submissions that contributed to the need for the first adjournment. That said, Plaintiff's failure to appear has become an unfortunate pattern in this case and this Court has too heavy of a caseload to be setting aside time in the calendar for parties who, at best, half-heartedly prosecute their case.

Moreover, while the Court has accepted Plaintiff's excuse for failing to attend the October 17 appearance, and has further acknowledged that dismissal would likely not have occurred if Plaintiff's response to the second Order to Show Cause was immediately docketed upon receipt, there is no legitimate justification for Plaintiff's failure to attend the oral argument on February 18, 2026. That date was scheduled at the appearance on December 18, 2025, and Plaintiff never advised the Court of a conflicting work schedule.

Thus, while the Court has erred on the side of giving Plaintiff the benefit of the doubt and reopening the case, any further lack of compliance will not be tolerated. **Plaintiff is warned that any future failure to abide by Court orders, including those requiring his attendance in Court and/or timely responses in writing, will result in dismissal of his case.**

## CONCLUSION

Plaintiff's Rule 60(b) motion is granted. The Clerk is directed to reopen this case. **An in-person status conference is scheduled for Tuesday, October 20, 2026, at 4:00 p.m., at the United States Courthouse, 100 State Street, Rochester, New York 14614. Plaintiff and the attorneys trying the case for Defendant must appear in person at the conference and the parties should be prepared to set a trial date.**

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 3, 2026
Rochester, New York